IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UPHEALTH HOLDINGS, INC., *et al.*,[1] | Case No. 23-11476 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MARTIN S. A. BECK**
**IN SUPPORT OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE SALE OF CERTAIN DE MINIMIS ASSETS OF DEBTOR**
**THRASYS, INC.; (II) AUTHORIZING THE DESTRUCTION OF DEBTOR**
**THRASYS, INC.'S SOURCE CODE; AND (III) GRANTING RELATED RELIEF**

I, Martin S. A. Beck, hereby declare under penalty of perjury, that the following is true and correct to the best of my information, knowledge, and belief:

1. I am the Chief Executive Officer of UpHealth, Inc. (and, together with the above-captioned debtors (the "Debtors"), and their non-Debtor affiliates, "UpHealth"), the ultimate parent of the Debtors, and the sole director, officer or manager, as applicable, of each of the Debtors. I have served in these roles since October 2023. I am duly authorized to make and submit this declaration (this "Declaration") in support of the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain De Minimis Assets of Debtor Thrasys, Inc.; (II) Authorizing the Destruction of Debtor Thrasys, Inc.'s Source Code; and (III) Granting Related Relief* (the "Motion").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: UpHealth Holdings, Inc. (6328); Thrasys, Inc. (7413); Comprehensive Care Alliance LLC (6965); Behavioral Health Services LLC (8110); BHS Pharmacy LLC (2475); Psych Care Consultants LLC (8822); and Reimbursement Solutions LLC (6388). The Debtors' headquarters and the mailing address is 14000 S. Military Trail, Suite 202, Delray Beach, FL 33484.

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings ascribed to them in the Motion.

ACTIVE\1607315826.3

2. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, information and materials that personnel, agents, and advisors of the Debtors have gathered, prepared, verified, and provided to me, in each case, under my supervision, at my direction, and for my use in preparing this Declaration. If called to testify, I would testify competently to the facts set forth in this Declaration.

3. As a result of the Thrasys Transition Transactions closing on December 28, 2023, Thrasys has wound down its business and no longer needs to maintain its Source Code and other services.

4. After the closing of the Transition Transactions, the Debtors, in consultation with their advisors, began determining the next steps necessary to cease all operations and complete the wind-down of Thrasys. Ultimately, the Debtors determined in their business judgment that the best, value-maximizing course of action was to sell the De Minimis Assets to affiliate TTC.

5. Specifically, the De Minimis Assets consist of used computers and related equipment, as well as certain artwork and furniture. Furthermore, the sale of the De Minimis Assets will bring $56,080.00 in proceeds to Thrasys. This value was established by the Debtors based on examining public sources for values of similar goods.

6. I understand the alternative to selling the De Minimis Assets to TTC would be to sell the assets through a time-consuming and costly process that likely would yield forced liquidation value. Each of the De Minimis Assets on their own are of little value, and the cost of running a sale process for the De Minimis Assets would be costly and time consuming. Accordingly, I submit that the sale of the De Minimis Assets to TTC is appropriate, will maximize value, and should be approved.

7. Moreover, the sale of the De Minimis Assets was conducted in good faith. I am not aware of any collusion or bad faith involved in the sale of the De Minimis Assets to TTC. Accordingly, I understand that TTC is a good faith purchaser as that term is defined under section 363(m) of the Bankruptcy Code.

8. Thrasys reserves its right to sell the De Minimis Assets to a third party that offers more.

9. I believe that the destruction of the Source Code is warranted as the Debtors have already transitioned the use of the Source Code to the Customers through the Transition Transactions. Continued maintenance of the Source Code by Thrasys is costly and of no benefit to Thrasys or any of the other Debtors' estates. The Source Code is no longer necessary to any aspect of Thrasys' or the Debtors' businesses, and no aspect of the Source Code is required to be maintained under any applicable regulatory law or any licensing requirement. Accordingly, I believe that the destruction of the Source Code is a valid exercise under the Debtors' business judgment.

10. For the reasons stated above, I believe that approval of the Motion is in the best interest of the Debtors, their estates, creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 12, 2024        _/s/ Martin S. A. Beck_
                     Martin S. A. Beck
                     UpHealth Holdings, Inc.