IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UPHEALTH HOLDINGS, INC., *et al.*,<br>Debtors. | Chapter 11<br><br>Case No. 23-11476 (LSS)<br><br>(Jointly Administered) |

## DECLARATION OF DHAIVAT H. SHAH IN SUPPORT OF PILLDRILL, INC.'S OPPOSITION TO MOTION OF THE DEBTOR UPHEALTH HOLDINGS, INC. FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 502(C) AND 105(A) OF THE BANKRUPTCY CODE ESTIMATING THE LITIGATION CLAIMS OF PILLDRILL, INC.

I, Dhaivat H. Shah, hereby declare and state:

1. I am a member in good standing of the bar of the State of California and a partner with the law firm of Grellas Shah LLP. I am co-counsel for PillDrill, Inc., in the matter *PillDrill, Inc. v. UpHealth Services, Inc., UpHealth Holdings, Inc. and Chirinjeev Kathuria*, Case No. 2021 L 005325, pending in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "Illinois Action"). I have personal knowledge of the matters stated herein and if called as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts of the deposition transcript of Peter Havas, taken on April 12, 2023, along with selected exhibits from said deposition.

3. Attached hereto as **Exhibit B** is a true and correct copy of excerpts of the deposition transcript of Susan Tomilo, taken on May 17, 2023, along with selected exhibits from said deposition.

4. Attached hereto as **Exhibit C** is a true and correct copy of excerpts of the deposition of PillDrill's Corporate Representative, Peter Havas, taken on May 3, 2023.

5. Attached hereto as **Exhibit D** is a true and correct copy of excerpts of the deposition of Mariya Pylypiv, taken on April 6, 2023, along with selected exhibits from said deposition.

6. Attached hereto as **Exhibit E** is a true and correct copy of excerpts of the deposition of Martin Beck, taken on April 11, 2023, along with selected exhibits from said deposition.

7. Attached hereto as **Exhibit F** is a true and correct copy of excerpts of the deposition of UpHealth Holdings, Inc.'s Corporate Representative, Martin Beck, taken on May 23, 2023.

8. Attached hereto as **Exhibit G** is a true and correct copy of excerpts of the deposition of Chirinjeev Kathuria, taken on April 28, 2023, along with selected exhibits from said deposition.

9. Attached hereto as **Exhibit H** is a true and correct copy of excerpts of the deposition of Alfonso Gatmaitan, taken on April 17, 2023, along with selected exhibits from said deposition.

10. Attached hereto as **Exhibit I** is a true and correct copy of excerpts of the continued deposition of Peter Havas, taken on July 25, 2023, along with selected exhibits from said deposition.

11. Attached hereto as **Exhibit J** is a true and correct copy of excerpts of the continued deposition of UpHealth Holdings, Inc.'s Corporate Representative, Martin Beck, taken on August 14, 2023, along with selected exhibits from said deposition.

12. Attached hereto as **Exhibit K** is a true and correct copy of excerpts of the deposition of UpHealth Services, Inc.'s Corporate Representative, Martin Beck, taken on August 14, 2023, along with selected exhibits from said deposition.

13. The parties to the Illinois Action took 11 depositions. PillDrill took the depositions of the two out-of-state witnesses, Al Gatmaitan and Neil Iyer, as "evidence" depositions under Illinois Supreme Court Rule 206. The remaining nine depositions were taken as "discovery" depositions and limited to three hours each under Illinois Supreme Court Rule 206.

14. PillDrill's deposition strategy was necessarily driven by the three-hour time limit for depositions. PillDrill was forced to leave aside certain topics for questioning until trial itself, when the same witnesses would provide live testimony. At all times, PillDrill's counsel operated with the understanding that there would be time for additional examination at trial.

15. In meet and confer correspondence with counsel for Sikich Corporate Finance LLC ("Sikich") managing director Susan Tomilo ("Tomilo") in connection with discovery disputes relating to Tomilo's deposition, Tomilo's counsel disclosed that Sikich and "UpHealth" had entered into a written common interest agreement when PillDrill first sued Services and Holdings. This correspondence followed a dispute during Tomilo's deposition, where both Sikich's counsel and UpHealth's counsel refused to allow Tomilo to testify regarding the contents of a meeting in which UpHealth's counsel helped prepared Tomilo for her deposition. Attached hereto as **Exhibit L** is a true and correct copy of that correspondence.

16. Attached hereto as **Exhibit M** is a true and correct copy of an UpHealth Services, Inc. ("Services") and UpHealth Holdings, Inc. ("Holdings") production document from the Illinois Action bearing Bates numbers UPHEALTH0008397 – UPHEALTH0008407. The

document appears on its face to be a Letter of Intent from GigCapital2, Inc. to Services, and accepted by Services on September 29, 2022.

17. Attached hereto as **Exhibit N** is a true and correct copy of a Services and Holdings production document from the Illinois Action bearing Bates numbers UPHEALTH0057946 – UPHEALTH0058015.  The document appears on its face to be an Agreement and Plan of Merger by and among UpHealth Holdings, Inc. and TTC Healthcare, Inc., among others, dated as of October 30, 2020.

18. Attached hereto as **Exhibit O** is a true and correct copy of a Services and Holdings production document from the Illinois Action bearing Bates numbers UPHEALTH0057163 – UPHEALTH0057232.  The document appears on its face to be an Agreement and Plan of Merger by and among UpHealth Holdings, Inc. and Behavioral Health Services, LLC, among others, dated as of November 2, 2020.

19. Attached hereto as **Exhibit P** is a true and correct copy of a Services and Holdings production document from the Illinois Action bearing Bates numbers UPHEALTH0057235 – UPHEALTH0057300.  The document appears on its face to be an Agreement and Plan of Merger by and among UpHealth Holdings, Inc. and Innovations Group Inc., among others, dated as of November 2, 2020.

20. Attached hereto as **Exhibit Q** is a true and correct copy of a Services and Holdings production document from the Illinois Action bearing Bates numbers UPHEALTH0063674 – UPHEALTH0063747.  The document appears on its face to be an Agreement and Plan of Merger by and among UpHealth Holdings, Inc. and Thrasys, Inc., among others, dated as of November 3, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

DATED: March 7, 2024

                                                             */s/ Dhaivat H. Shah*
                                                             Dhaivat H. Shah, Partner
                                                             Grellas Shah LLP