**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| UPHEALTH HOLDINGS, INC., *et al.,* | ) | Case No. 23-11476 (LSS) |
|  | ) |  |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## <u>STATEMENT AND RESERVATION OF RIGHTS OF GLOCAL PARTIES</u>

Glocal Healthcare Systems Private Limited ("**Glocal**"), Dr. Syed Sabahat Azim, Ms. Richa Sana Azim, Mr. Gautam Chowdhury, and Kimberlite Social Infra Private Limited (collectively, including Glocal, the "**Glocal Parties**") submit this statement and reservation of rights in connection with the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of UpHealth Holdings, Inc. ("**UpHealth**"), and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), and in support hereof respectfully state as follows:

1.      The Glocal Parties are among the Debtors' largest creditors, asserting claims for hundreds of millions of dollars. *See generally Complaint*, *Glocal Healthcare Sys. Priv. Ltd. et al. v. UpHealth Holdings, Inc. et al.*, Adv. No. 24-50092-LSS (Bankr. Del. July 8, 2024) [D.I. 1] (the "**Complaint**").  The Glocal Parties file this statement and reservation of rights to provide much needed context to this Court and parties-in-interest in these Chapter 11 Cases and to correct the record.

2.      Through the past twenty months, the Debtors have been embroiled in complex multi-jurisdictional litigation with certain of the Glocal Parties, including litigation pending in the Northern

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: UpHealth Holdings, Inc. (6328); Thrasys, Inc. (7413); Comprehensive Care Alliance LLC (6965); Behavioral Health Services LLC (8110); BHS Pharmacy LLC (2475); Psych Care Consultants LLC (8822); and Reimbursement Solutions LLC (6388).  The Debtors' headquarters and the mailing address is 14000 S. Military Trail, Suite 202, Delray Beach, FL 33484.

31909542

District of Illinois, the National Company Law Tribunal, the Calcutta High Court, and the District Commercial Court, Rajarhat. *See generally Respondents' (A) Objection to Debtors' Motion to (I) Enforce the Automatic Stay, (II) Award Damages for Willful Violations of the Automatic Stay, and (III) Permit the Debtors to Modify the Automatic Stay in Their Sole Discretion to Proceed With Litigation; and (B) Cross Motion for Relief From Stay* [D.I. 592] (the "**Stay Enforcement Objection**") (outlining various proceedings).

3.      During most of that time, the Glocal Parties were kept in the dark with respect to these Chapter 11 Cases. *See, e.g., Order Approving Stipulation by and Between the Debtors and Certain Glocal Parties Concerning the Automatic Stay and the Bar Date*, Ex. 1 at ¶¶ 9, 10 [D.I. 788] (the "**Stipulation**") (admissions by the Debtors that they failed to serve the Glocal Parties with key notices and certain other deadlines, even though Glocal was identified in the Debtors' schedules as a known creditor and a litigant in pending litigation). Despite these remarkable notice failures during the first ten months of these Chapter 11 Cases, the Debtors sought various forms of relief against the Glocal Parties. *See, e.g., Debtors' Motion to (I) Enforce the Automatic Stay, (II) Award Damages for Willful Violations of the Automatic Stay, and (III) Permit the Debtors to Modify the Automatic Stay in Their Sole Discretion to Proceed With Litigation* [D.I. 523] (seeking to enjoin the Glocal Parties from taking defensive measures against actions of the Debtors); *Motion of Glocal Parties for Entry of An Order (I) Extending the Bar Date for the Glocal Parties and (II) Granting Related Relief* at ¶ 2 [D.I. 735] (motion to overcome the Debtors' attempts to preclude consideration of the Glocal Parties' claims on the merits). Nevertheless, the Glocal Parties have worked diligently to get up to speed on these Chapter 11 Cases, protect their rights, and otherwise mitigate the prejudice caused by the Debtors' notice failures. *See, e.g., Order Approving Stipulation by and Between the Debtors and Certain*

31909542

2

*Glocal Parties Concerning the Automatic Stay and the Bar Date* [D.I. 788] (extending the bar date for all purposes).

4.      By fighting to overcome the Debtors' efforts to use the bar date as a means to absolve themselves of all liability to the Glocal Parties, the Glocal Parties were able to file the Complaint against UpHealth and certain of its affiliates, detailing, among other things, UpHealth's and its affiliates' scheme to swindle the Glocal Parties out of their healthcare company on the basis of false or misleading statements. *See generally* Complaint. The Complaint alleges that UpHealth and its affiliates caused at least $200 million in damages to the Glocal Parties. *See id.* The Glocal Parties and their claims are—and must be—central to any resolution of these Chapter 11 Cases and the mess that the Debtors have created over the past several years.[2]

5.      In a series of filings before this Court, the Debtors have asserted that they have an overwhelming ownership stake in Glocal. Specifically, UpHealth asserts that it owns 94.81% of Glocal's outstanding shares. *See, e.g.*, *Declaration of Martin S. A. Beck in Support of the Filing of the Petitions and Certain Pleadings* at ¶¶ 11, 30, 31 [D.I. 35] (the "**First Day Declaration**"); *Declaration of Jay Jennings Adopting Prior Declarations of Martin S. A. Beck* at ¶ 5 [D.I. 809] (the "**Jennings Declaration**"). This assertion is apparently premised upon the contested arbitration award issued on March 15, 2024, which is currently the subject of a vacatur motion brought by the Glocal Parties that is pending before the District Court for the Northern District of Illinois. *See* Stay Enforcement Objection; *see also Glocal Respondents' Memorandum of Law in Support of Cross-Motion to Vacate Arbitration Award and Opposition to Petition to Confirm Foreign Arbitral Award*,

---

[2]      The Chapter 11 Cases revealed that UpHealth has been embroiled in significant litigation brought by other claimants, based on transactions and events that are independent of those subject to the Complaint. *See*, *e.g.*, First Day Declaration, at ¶¶ 34, 35 (discussing PillDrill litigation and Needham litigation) (the First Day Declaration was later adopted by the Jennings Declaration).

31909542

*UpHealth Holdings, Inc. v. Glocal Healthcare Sys. Priv. Ltd.*, *et al.*, Case No. 1:24-cv-03778 (N.D. Ill. June 13, 2024) [D.I. 50].

6.     The Debtors cannot simply mislead parties-in-interest to believe that they own over 90% of Glocal – this is simply false.  There is no preclusive finding that supports this representation, despite the years' long, multi-jurisdictional litigation that the Debtors have wasted millions of dollars pursuing while making no meaningful or practical progress.

7.     Given these circumstances, the Court and parties-in-interest should be very cautious in evaluating these statements and positions of the Debtors.  Similarly, the Debtors' efforts to use chapter 11 to evade valid and enforceable obligations to the Glocal Parties and other stakeholders deserve much scrutiny.  The Debtors' decision to pursue this strategy is regrettable, as it will likely result in the continued destruction of significant value that otherwise would have been available to all of the Debtors' stakeholders, including the numerous litigation claimants holding significant claims against UpHealth and its affiliates.

8.     To protect their interests against the Debtors' actions to date, the Glocal Parties expressly reserve the right to raise any and all claims, defenses, and legal arguments in these Chapter 11 Cases, including with respect to the Debtors' disputed ownership stake in Glocal.  The Glocal Parties are committed to engaging in dialogue with parties-in-interest, should they be willing to do so, in order to mitigate the Debtors' self-inflicted damage and preserve value for all stakeholders.

[*Signature page follows*]

31909542

Dated: August 6, 2024
      Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn, Esq. (No. 4119)
Robert F. Poppiti, Jr., Esq. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: mlunn@ycst.com
      rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Paul R. Genender, Esq. (admitted *pro hac vice*)
Jake Rutherford, Esq. (admitted *pro hac vice*)
2001 Ross Avenue, Suite #700-168
Dallas, TX  75201
Telephone:  (972) 936-7500
Email:   paulgenender@paulhastings.com
      jakerutherford@paulhastings.com

 -and-

Alex Cota, Esq. (admitted *pro hac vice*)
Sam Lawand, Esq. (admitted *pro hac vice*)
Xue Yu, Esq. (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Email:   alexcota@paulhastings.com
      samlawand@paulhastings.com
      xueyu@paulhastings.com

-and-

Conrad Coutinho, Esq. (admitted *pro hac vice*)
Brian Kay, Esq. (admitted *pro hac vice*)
600 Travis St., Floor 58
Houston, TX 77002
Telephone:  (713) 860-7300
Email:   conradcoutinho@paulhastings.com
      briankay@paulhastings.com

*Counsel to Glocal Healthcare Systems Private Limited,*
*Dr. Syed Sabahat Azim, Ms. Richa Sana Azim,*
*Mr. Gautam Chowdhury, and*
*Kimberlite Social Infra Private Limited*

31909542